NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0342n.06

No. 09-6118

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 20, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| CARL HALCOMB, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE:    McKEAGUE and STRANCH, Circuit Judges; and MAYS, District Judge.[*]

**PER CURIAM.**  Defendant Carl Halcomb pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On September 10, 2008, he was sentenced to a prison term of forty-six months.  Defendant now appeals, contending the district court abused its discretion by declining to grant a downward variance from the advisory Sentencing Guidelines range. Defendant contends the sentence imposed is substantively unreasonable.

There is no dispute that the district court correctly calculated the applicable advisory Sentencing Guidelines range to be 46 to 57 months.  Nor does defendant complain of any procedural irregularity in the sentencing.  Rather, defendant contends the district court erred in weighing the sentencing factors set forth at 18 U.S.C. § 3553(a).  He contends this error resulted in a sentence

---

[*]Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

greater than necessary to comply with the purposes of sentencing. Specifically, defendant argues the district court failed to give adequate weight to two considerations: his post-offense rehabilitation efforts and his elderly parents' dependence on him for care.

The sentence imposed, within the advisory Guidelines range, is presumptively reasonable. *United States v. Haj-Hamed*, 549 F.3d 1020, 1025 (6th Cir. 2008). In determining whether defendant has rebutted this presumption, we review the sentence under the highly deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007).

Having duly considered the record, we find no error. It is clear that the district court did not ignore evidence of defendant's positive employment situation or of his infirm parents' need for help. The court determined, however, that these were not such exceptional circumstances as to warrant a variance in light of defendant's criminal history, which included prior convictions for aggravated robbery and reckless homicide. Considering defendant's history of violence and the fact that he was found to be in possession of some fifteen firearms at the time of his arrest (six of which he admitted owning), the court remained unpersuaded that defendant's mitigating circumstances placed his case "beyond the heartland." The district court nonetheless showed a measure of leniency by imposing a sentence at the low end of the Guidelines range. We find nothing arbitrary or substantively unreasonable in the district court's judgment.

Defendant has cited Sixth Circuit rulings affirming lower courts' imposition of shorter sentences due to a defendant's extraordinary family circumstances, *United States v. Husein*, 478 F.3d 318 (6th Cir. 2007); and due to a defendant's extraordinary post-arrest rehabilitation, *United States v. Hairston*, 502 F.3d 378 (6th Cir. 2007). In both cases, however, the operative dynamic was

appellate deference to the sentencing court's "special competence" in fashioning an appropriate sentence. *See Haj-Hamed*, 549 F.3d at 1027-28 (upholding determination that family circumstances were not so extraordinary as to justify departure or variance, and distinguishing *Husein* on this basis); *Hairston*, 502 F.3d at 385-86 (noting reticence to substitute appellate court's judgment for that of district court in review for substantive unreasonableness); *Husein*, 478 F.3d at 328 (hesitating to "second-guess" district court's determination under abuse-of-discretion standard of review). Indeed, if the district court had *granted* a downward variance in this case, we would be similarly constrained to uphold the sentence absent a showing of abuse of discretion. This deference stems from recognition of the district court's "institutional advantage" in evaluating the individual case and individual defendant under the § 3553(a) factors. *Gall*, 552 U.S. at 51-52.

The presumptive reasonableness accorded to a sentence and the highly deferential standard of review constrain us from substituting our judgment for that of the sentencing court. However, we are mindful that courts may consider rehabilitation in granting a downward variance and this defendant showed signs of rehabilitation including success at a skilled career, the support of his employer, his sobriety, and his rendering of much needed care for his elderly parents. Recent Supreme Court authority emphasizes the importance of encouraging and rewarding rehabilitation, with the important goal of restoring offenders to complete freedom and useful citizenship. *Pepper v. United States*, 131 S. Ct. 1229, 1239-43 (2011) (post-sentencing rehabilitation "may be highly relevant to several § 3553(a) factors" and support downward variance) (relying on *Williams v. New York*, 337 U.S. 241, 247 (1949) (in selecting an appropriate sentence, court must possess fullest information possible concerning the defendant's life and characteristics)).

Unfortunately for defendant, the district court in this case, unlike the district courts in *Husein* and *Hairston*, after duly considering the evidence in support of his motion for variance, and after hearing counsel's argument and defendant's allocution, elected to exercise its discretion to deny the motion and impose a sentence within the advisory range.

Because the sentence imposed has not been shown to be an abuse of discretion, we **AFFIRM**.